**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| LEMICHAEL DaSHAUN WILSON, individually as the surviving son and next of kin of LaJuanese D. Wilson Trannon, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. _____ |
| CITY OF MEMPHIS, TENNESSEE, a municipal entity; and, ) ) ) | |
| LIEUTENANT ARTTERACE TINSON, individually and in his official capacity as a police officer with the Memphis Police Department, ) ) ) ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**
**(42 U.S.C. § 1983 – CIVIL RIGHTS VIOLATIONS)**

Plaintiff Lemichael Wilson, proceeding **pro se**, for his Complaint states as follows:

## I. INTRODUCTION

1. This action arises from unconstitutional misconduct committed by a police officer employed by the **Memphis Police Department**.

2. Plaintiff brings this action pursuant to **42 U.S.C. § 1983** to redress violations of rights secured by the **United States Constitution**.

3. The violations occurred when Defendant Artterrace Tinson used the **cellular phone belonging to Plaintiff's deceased mother** to take unauthorized photographs of her undressed body.

4. Defendant Tinson then attempted to delete the photographs from the device.

5. Subsequent review of body-camera footage confirmed the unauthorized photographs and deletion attempt.

6. These acts constituted severe invasions of the deceased's dignity and Plaintiff's familial privacy.

7. The misconduct caused Plaintiff profound emotional distress, humiliation, and mental anguish.

1

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**.

9. Venue is proper under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred in **Memphis, Shelby County, Tennessee**

## III. PARTIES

10. Plaintiff Lemichael Wilson is a resident of Tennessee and the **only child and surviving son** of LaJuanese D. Wilson Trannon.

11. Plaintiff brings this action **individually and as surviving next of kin** of the decedent.

12. Defendant City of Memphis is a municipal government responsible for the policies, customs, training, and supervision of the **Memphis Police Department**.

13. Defendant Lieutenant Artterrace Tinson was at all relevant times a sworn officer employed by the Memphis Police Department.

14. Defendant Tinson acted under color of state law.

## IV. FACTUAL ALLEGATIONS

15. On July 1, 2025, Plaintiff's mother, LaJuanese D. Wilson Trannon, was found deceased at her residence in Memphis by her landlord.

16. Officers from the Memphis Police Department responded to the scene, including Defendant Tinson.

17. Defendant Tinson obtained and used the cellular phone belonging to the decedent to take unauthorized photographs of her body while she was undressed.

18. The photographs were unrelated to any legitimate investigative necessity.

19. Defendant Tinson then attempted to delete the photographs from the device to conceal his misconduct.

20. On July 31, 2025, Plaintiff filed a formal complaint with the Memphis Police Department Inspectional Services Bureau.

21. Plaintiff was informed by the lead investigator (Detective R. Morris #12391) that the internal investigation into Defendant Tinson's conduct had been **completed and closed** on September 12, 2025.

22. On September 24, 2025, Plaintiff submitted a public records request under the Freedom of Information Act seeking body-camera footage of the incident from each responding officer.

23. Plaintiff's records request was denied on September 26, 2025, citing that the matter was an "open and ongoing investigation," contradicting the investigator's prior statement.

24. On December 10, 2025, Plaintiff was permitted to view edited portions of body-camera footage, which confirmed Defendant Tinson's unauthorized photographs and deletion attempt.

25. Plaintiff later received a letter from the Inspectional Services Bureau, dated October 2, 2025, which was re-sent on December 10, 2025.

26. The envelope containing the letter was postmarked December 22, 2025.

27. The letter concluded that the allegation against Defendant Tinson was **"NOT SUSTAINED"**, and any appeal had to be filed within ten days.

28. The delayed notice deprived Plaintiff of a meaningful opportunity to appeal.

## V. CLAIMS FOR RELIEF

### COUNT I – Fourth Amendment Violation

29. Defendant Tinson's unauthorized use of the decedent's phone constituted unreasonable intrusion into personal property and investigative overreach.

30. Plaintiff's rights under the Fourth Amendment were violated.

### COUNT II – Fourteenth Amendment Substantive Due Process

31. Defendant Tinson's conduct was arbitrary, conscience-shocking, and unrelated to legitimate law enforcement purposes.

32. The conduct violated Plaintiff's liberty interests protected by the Fourteenth Amendment.

### COUNT III – Municipal Liability (Monell Claim)

33. The City of Memphis failed to properly train and supervise officers regarding handling of personal devices and the dignity of deceased persons.

34. These failures caused the constitutional violations alleged.

35. The City is liable under **Monell v. Department of Social Services**.

### COUNT IV – Familial Privacy Rights / Death Image Privacy

36. Plaintiff has a constitutional liberty interest in protecting the dignity of his deceased mother.

37. Defendant Tinson's actions violated Plaintiff's familial privacy rights.

38. Courts, including in **Marsh v. County of San Diego**, recognize that families have a protected interest in controlling images of deceased relatives.

39. Plaintiff suffered severe emotional distress, humiliation, and mental anguish as a direct result.

3

## COUNT V – Spoliation / Attempted Destruction of Evidence

40. Defendant Tinson attempted to delete photographs from the decedent's phone.

41. The attempt demonstrates consciousness of wrongdoing and interfered with Plaintiff's ability to preserve evidence.

42. Plaintiff is entitled to remedies related to spoliation of evidence.

## VI. DAMAGES

43. Plaintiff suffered emotional distress and humiliation.

44. Plaintiff suffered violations of constitutional rights.

45. Plaintiff seeks compensatory and punitive damages.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff.

B. Award compensatory damages.

C. Award punitive damages against Defendant Tinson.

D. Award litigation costs.

E. Declare Defendants' actions unconstitutional.

F. Order preservation of all evidence, including body-camera footage, investigative files, and metadata.

G. Award reasonable attorney's fees under **42 U.S.C. § 1988**.

H. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

46. Plaintiff demands a trial by jury.

## IX. SIGNATURE

Respectfully submitted,

Lemichael Wilson
Plaintiff, Pro Se
936 Kelley Circle East, Memphis, Tennessee 38111
901.330.8390
lemichaelwilson@gmail.com